UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER RAYMOND NEFF,

    Plaintiff,

v.   Case No. 8:23-cv-1197-WFJ-CPT

PASCO COUNTY, *et al.*,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court on *pro se* Plaintiff Christopher Raymond Neff's civil rights complaint, filed pursuant to 42 U.S.C. § 1983. (Doc. 1). Upon review, *see* 28 U.S.C. § 1915A, because Mr. Neff has failed to state a viable § 1983 claim, he will be required to file an amended complaint if he wishes to proceed with this action.

Mr. Neff, a pretrial detainee, sues Pasco County, the Pasco County Sheriff's Office, GYS Transportation/Allied Security Universal ("GYS"), and a GYS "driver and supervisor." (Doc. 1 at 2-3; Doc. 1-1 at 3). GYS allegedly contracts with Pasco County to "provide transportation to inmates." (Doc. 1-1 at 4). On February 1, 2022, Mr. Neff was picked up at the "New Port Richey courthouse" in a "GYS transportation vehicle." (*Id.* at 2). The van's "safety restraints/seat belts" had been removed, and Mr. Neff was "handcuffed, body chained[,] and black boxed in the back of the" vehicle. (*Id.*) The van allegedly "wrecked into a parked vehicle" in the courthouse parking lot, causing Mr. Neff to "fall head first into the steel[] bench and floor board." (*Id.*) Mr. Neff suffered "severe

physical injuries to [his] neck, back, head[,] and wrist," as well as various "psychological injuries." (*Id.*)

According to Mr. Neff, the defendants violated "safe transportation procedures" by disregarding "the deadly consequences of recklessly transporting a fully chained inmate in a steel[] transportation vehicle without any seatbelts or safety restraints." (*Id.* at 7). Mr. Neff seeks compensatory damages, nominal damages, and "medical treatment for injuries" sustained during the accident. (*Id.*)

Mr. Neff's complaint is deficient. First, the claim against the Pasco County Sheriff's Office is meritless. To state a viable § 1983 claim, the named defendants must be "subject to suit or liability." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity to sue or be sued is determined by the law of the state in which the district court sits. Fed. R. Civ. P. 17(b). A sheriff's office lacks the capacity to be sued under Florida law. *See Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013) ("Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued."). Because the Pasco County Sheriff's Office is not a legal entity subject to suit under § 1983, it must be dismissed from this action.

Second, Mr. Neff fails to state a constitutional violation against the remaining defendants. Because he is a pretrial detainee challenging the conditions of his confinement, Mr. Neff's claims "arise under the Fourteenth Amendment's Due Process Clause." *Grochowski v. Clayton Cnty., Ga.*, 961 F.3d 1311, 1318 (11th Cir. 2020). "When analyzing claims under the Due Process Clause, [courts] often refer[] to precedent under the Eighth Amendment's Cruel and Unusual Punishment Clause." *Id.* To state a Fourteenth

Amendment due process claim, a pretrial detainee must allege "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013).

Mr. Neff fails to adequately allege that he faced "a substantial risk of serious harm." *Id.* To plead that element, a plaintiff must point to "conditions that were extreme and posed an unreasonable risk of serious injury to his future health or safety." *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019). Mr. Neff claims that, while restrained in handcuffs and body chains, he was transported in a van that lacked "safety restraints/seat belts." (Doc. 1-1 at 2). The Eleventh Circuit has held, however, that transporting inmates in vans without seat belts does not pose a substantial risk of serious harm. *See Smith v. Sec'y, Dep't of Corr.*, 252 F. App'x 301, 304 (11th Cir. 2007) ("[W]e cannot say that riding in a van equipped with the manufacturer's car seats, seat belts, and windows is a necessity, such that riding in a van without these characteristics is a deprivation of the minimal measure of life's necessities or is something that modern society would find intolerable.").[1] Moreover, Mr. Neff does not allege that the van was being driven recklessly when it crashed into a parked car in the courthouse parking lot. Because Mr. Neff fails to plead facts showing that he faced a substantial risk of serious harm, he has not stated a constitutional violation.

---

[1] *See also Tucker v. Glover*, No. 15-cv-00014-CG-KPN, 2015 WL 10058319, at *7 (S.D. Ala. Nov. 9, 2015) ("[T]ransportation of inmates without seat belts, alone, does not rise to the level of a constitutional violation."), *adopted by* 2016 WL 589704 (S.D. Ala. Feb. 11, 2016); *Bryant v. Downs*, No. 6:09-cv-1670-JA-KRS, 2010 WL 2593564, at *6 (M.D. Fla. June 28, 2010) ("[T]ransporting prisoners in vans without seatbelts does not amount to a constitutional violation."). Other circuits have reached the same conclusion. *See, e.g.*, *Jabbar v. Fischer*, 683 F.3d 54, 58 (2d Cir. 2012) ("[T]he failure of prison officials to provide inmates with seatbelts does not, without more, violate the Eighth or Fourteenth Amendments."); *Dexter v. Ford Motor Co.*, 92 F. App'x 637, 641 (10th Cir. 2004) ("We first examine the objective component of the test for an Eighth Amendment violation, *i.e.*, whether failure to seatbelt inmates poses a substantial risk of serious harm. We conclude it does not.").

Accordingly, it is **ORDERED** that:

1. Mr. Neff's complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

    a. If Mr. Neff wishes to amend, he shall file an amended complaint within **THIRTY DAYS** of the date of this order.

    b. To amend, Mr. Neff should complete a new civil rights complaint form, titling it "Amended Complaint." The amended complaint must include all of Mr. Neff's claims that he wishes to pursue and may not refer back to, or incorporate, the complaint. The amended complaint shall supersede the complaint. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

    c. The amended complaint shall be subject to initial screening under 28 U.S.C. § 1915A.

2. If Mr. Neff fails to file an amended complaint by the above deadline, or fails to seek an extension of time to do so, this order dismissing the complaint without prejudice will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d

707, 720-71 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3. Mr. Neff must advise the Court of any change of address. He must entitle the paper "Notice to the Court of Change of Address" and must exclude any motions from the notice. Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

4. The Clerk is **DIRECTED** to mail to Mr. Neff a copy of the standard prisoner civil rights complaint form.

**DONE** and **ORDERED** in Tampa, Florida, on June 20, 2023.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**