UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER RAYMOND NEFF,

    Plaintiff,

v.                                          Case No. 8:23-cv-1197-WFJ-CPT

PASCO COUNTY, *et al.*,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court on *pro se* Plaintiff Christopher Raymond Neff's amended civil rights complaint, filed pursuant to 42 U.S.C. § 1983. (Doc. 5). Upon review, *see* 28 U.S.C. § 1915A, because Mr. Neff has failed to state a viable § 1983 claim, he will be required to file a second amended complaint if he wishes to proceed with this action.

Mr. Neff, a pretrial detainee at the Pasco County Detention Center, sues Pasco County, G4S/Allied Security Universal ("G4S"), and Wellpath Medical ("Wellpath"). (Doc. 5 at 2-3). Mr. Neff alleges that on February 1, 2021, he was transported in a G4S vehicle. (*Id.* at 5). The "transportation officer" was "driving recklessly," and the van crashed into a parked car at the "New Port Richey courthouse." (*Id.* at 4-5). Mr. Neff sustained injuries to his "neck, head, back[,] and wrist," as well as "psychological injuries." (*Id.* at 5). He was "rushed via ambulance to the emergency room" and given "a neck, wrist[,] and back brace." (*Id.*) Since then, however, Wellpath has allegedly failed to provide

him with "proper testing, medication, therapy[,] or rehabilitation." (*Id.* at 4-5). Mr. Neff seeks compensatory damages, nominal damages, and "medical treatment for injuries." (*Id.* at 5).

Mr. Neff's amended complaint is deficient. First, Mr. Neff fails to state a claim against G4S or Pasco County for the injuries he sustained during the accident. G4S appears to be a private company that provides transportation services for the Pasco County Detention Center. When a private entity "performs a function traditionally within the exclusive prerogative of the state, . . . it becomes the functional equivalent of the municipality." *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). "Transportation and security of pretrial detainees and prisoners are functions that traditionally have been the exclusive prerogative of the government." *Centaur v. Prisoner Transp. Servs. of Am.*, No. 1:12-cv-2626-TWT-LTW, 2012 WL 6803978, at *4 (N.D. Ga. Nov. 6, 2012), *adopted by* 2013 WL 85069 (N.D. Ga. Jan. 7, 2013). Thus, to state a claim against G4S and Pasco County, Mr. Neff must allege "(1) that his constitutional rights were violated; (2) that [G4S and Pasco County] had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).

Mr. Neff fails to state a constitutional violation based on the injuries he suffered during the accident. To state a claim for deliberate indifference to inmate safety, a pretrial detainee must allege "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013). "[T]he deliberate-indifference standard sets an appropriately high bar."

*Swain v. Junior*, 961 F.3d 1276, 1285 (11th Cir. 2020). To establish that a defendant was deliberately indifferent, a plaintiff must show that "the defendant (1) had subjective knowledge of a risk of serious harm, (2) disregarded that risk, and (3) acted with more than gross negligence." *Wade v. McDade*, 67 F.4th 1363, 1374 (11th Cir. 2023) (emphasis omitted).

Mr. Neff alleges that "while [he] was being transported in a G4S vehicle, the driver was driving recklessly and crashed into a parked vehicle" at the New Port Richey courthouse. (Doc. 5 at 4-5). "Such an equivocal allegation suggests negligence, not the subjective awareness required to state a constitutional claim." *Grisby v. Cotton*, No. CV408-214, 2009 WL 890543, at *1 (S.D. Ga. Mar. 31, 2009) (dismissing deliberate-indifference claim based on allegation that driver of prison van "'knew or should have known' that his 'reckless' driving would place [plaintiff] . . . in danger"). Because Mr. Neff does not allege facts showing that the driver of the van "acted with more than gross negligence," he fails to state a deliberate-indifference claim. *Wade*, 67 F.4th at 1374. And without an "underlying constitutional violation," "[t]here can be no policy-based liability" against G4S or Pasco County. *Knight v. Miami-Dade Cnty.*, 856 F.3d 795, 821 (11th Cir. 2017).

Even if Mr. Neff had stated a constitutional violation based on the accident, his claims against G4S and Pasco County would fail because he does not allege that a "policy or custom caused the violation." *McDowell*, 392 F.3d at 1289. Accordingly, the § 1983 claims against G4S and Pasco County are dismissed.

Second, Mr. Neff fails to state a claim against Wellpath, the medical provider at the Pasco County Detention Center. "[W]hen a private entity [such as Wellpath] contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state and becomes the functional equivalent of the municipality under [§] 1983." *Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011). Thus, to state a § 1983 claim against Wellpath, Mr. Neff must allege that it "had a policy or custom of deliberate indifference that led to the violation of his constitutional right." *Id.* Mr. Neff alleges no facts suggesting that the denial of medical treatment in this case resulted from a policy or custom of Wellpath. Thus, the § 1983 claim against Wellpath is subject to dismissal.

Accordingly, it is **ORDERED** that:

1. Mr. Neff's amended complaint (Doc. 5) is **DISMISSED WITHOUT PREJUDICE**.

    a. If Mr. Neff wishes to amend, he shall file a second amended complaint within **THIRTY DAYS** of the date of this order.

    b. To amend, Mr. Neff should complete a new civil rights complaint form, titling it "Second Amended Complaint." The second amended complaint must include all of Mr. Neff's claims that he wishes to pursue and may not refer back to, or incorporate, the amended complaint. The second amended complaint shall supersede the amended complaint. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

    c. The second amended complaint shall be subject to initial screening under 28 U.S.C. § 1915A.

2. If Mr. Neff fails to file a second amended complaint by the above deadline, or fails to seek an extension of time to do so, this order dismissing the amended complaint without prejudice will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension. And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720-71 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3. Mr. Neff must advise the Court of any change of address. He must entitle the paper "Notice to the Court of Change of Address" and must exclude any motions from the notice. Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

4. The Clerk is **DIRECTED** to mail to Mr. Neff a copy of the standard prisoner civil rights complaint form.

**DONE** and **ORDERED** in Tampa, Florida, on July 14, 2023.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE